NOT FOR PUBLICATION OR CITATION

Eastern District of Kentucky
**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

AUG 0 1 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-175-JMH

MICHAEL W. DELANCE     PETITIONER

VS:     **MEMORANDUM OPINION AND ORDER**

RANDY STOVALL, WARDEN, ET AL.     RESPONDENTS

\*\*\* \*\*\* \*\*\* \*\*\*

Michael W. DeLance, an individual presently confined at the Lee Adjustment Center in Beattyville, Kentucky, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

CLAIMS

The petitioner, who was convicted and sentenced in Vermont, claims that his confinement at a private Kentucky prison operated by the Corrections Corporation of America ("CCA") is illegal.

## ALLEGATIONS OF THE PETITION

The petitioner has submitted a 49-page handwritten petition, which includes a memorandum of law[1] and has a stack of exhibits attached as an appendix. Record No. 1. The following is a summary or construction of his allegations therein.

The petitioner begins with his criminal convictions, on May 28, 2004, for two counts of trafficking in heroin and one count of possession of heroin in the Rutland District Court, Rutland, Vermont, Case No. 875-05-02RDCR. He was sentenced to 4 to 10 years' imprisonment and was committed to the Vermont Department of Corrections on the same date. He did not appeal. On June 24, 2004, the petitioner was transferred to the Lee Adjustment Center ("LAC"), a privately operated prison, which is located in Kentucky and run by the Corrections Corporation of America

The petitioner states that other prisoners immediately challenged their custody in a private prison by filing state habeas actions in the Lee Circuit Court, the first being *Joseph L. Silverburg v. Randy Eckman, Warden, et al.*, Civil Action No. 04-CI-0008, which was dismissed without discussion on September 17, 2004. A copy of the Lee Circuit Court's Order of that date is the first exhibit in this petitioner's Appendix [hereinafter "App." followed by the page number], at 01.

The instant petitioner complains that he did not get notice of the Lee Circuit Court's dismissal until September 20th, and that was from a law firm which represented the CCA and the Commonwealth of Kentucky and drafted the Order. Later exhibits reveal that there were other

---

[1] The Court takes judicial notice that a combined 49-page petition and memorandum, which is virtually identical to the instant one, has been submitted to this Court by at least one other LAC prisoner from Vermont. In both the instant submission and in *Robert Winchell v. Warden Randy Stovall, et al.*, No. 05-CV-174-KSF, the petitioner has merely inserted his own name, signature, and the details of his Vermont crime into what appears to be a Xeroxed copy of someone else's handwritten petition.

2

lawsuits in the Lee Circuit Court, which were brought by other LAC prisoners against the same defendants, and they, too, ended with September 17, 2004 Orders of Dismissal, the additional petitioners being Timothy Wells in No. 04-CI-0024; McClellan Gaines in No. 04-CI-0027; Robert Hatton in No. 04-CI-0040; and James Wimsatt, No. 04-CI-0058. App.114-117.

On Silverburg's appeal, the Lee Circuit Court's dismissal was affirmed by the Kentucky Court of Appeals on December 10, 2004. The petitioner asks that this Court take judicial notice of that appellate court's following words:

> Accordingly, habeas corpus relief should be granted only when there is an illegal detention that warrants immediate relief.... Silverburg does not, at any time, assert that he is being detained pursuant to a judgment that is void ab initio ... Silverburg sought to review the constitutionality of KRS 197... These issues should have been addressed in an action for declaratory judgment pursuant to KRS Chapter 418. As Kentucky law provides Silverburg with another more appropriate forum in which to present his grievances, habeas corpus relief is not available. M.M. v. Williams, Ky., 113 S.W. 3d 82 (2003).

Record No. 1 at 6; App. at 01-04.[2]

The petitioner states that, meanwhile, on November 9, 2004, he filed for a Declaration of Rights, this time filing in the Franklin Circuit Court, "pursuant to KRS [Kentucky Revised Statute] 418.040-.045, Title 42 U.S.C. §1983, 1985 and 1986 and Title 18 U.S.C. §1961 to 1968 alleging that KRS 197.500 et seq is unconstitutional and two (2) that KRS 197.50 et seq is the results of a continuing pattern of civil and criminal R.I.C.O. activities." Record No. 1 at 5.

Additional attached Orders (App. at 005, 040-41, 053-54) reveal that the Case Number in the Franklin Circuit Court was 04-CI-01465; the respondents included the CCA and the same persons as are named herein; and the petitioners were Silverburg, Joseph Bruyett, John Pritchard, McClellan

---

[2] Page 03 is missing, however.

Gaines, Winston Morton, and Timothy Wells--not the petitioner herein. The petitioner claims that he and the other five inmates had uncovered substantial evidence of CCA's "civil and criminal corruption in America." The petitioner goes on to give the history of the CCA in Kentucky beginning in 1986 and alleging bribery; secret deals; two Kentucky Attorney General opinions proscribing private prisons (Nos. 84-356 and 90-115); and repeated influence peddling by making illegally excessive donations to candidates who were elected in two recent state elections. On February 21, 2005, unidentified "plaintiffs" in No. 04-CI-01465 purportedly presented evidence of an illegal contribution to the successful campaign of Kentucky's Governor and Lt. Governor, and the petitioner suggests that an effort was made to cover it up, as the hard-drive with the records disappeared on February 27, 2005.

On March 22, 2005, the Franklin Circuit Court issued its Order of Dismissal, which, like that of the Lee Circuit Court, granted the respondents' motion to dismiss but dismissed the action without discussion of the grounds. On March 30th, the petitioner alleges, he received "the fabricated March 22, 2005 Order of Dismissal and forged signature of Hon. William Graham, Judge Franklin Circuit Court." The petitioner and the other prisoners purportedly noted a discrepancy in the Judge's signature; he asks this Court to note the same; and he alleges that they complained to the Kentucky Judicial Conduct Commission and the Kentucky Administrative Office of the Courts. Much of his attached Appendix relates to such financial inquiries and the CCA's corporate structure.

The petitioner claims that (1) his rights under the Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution have been violated; (2) KRS 197.500 is repugnant to numerous sections of the Kentucky Constitution; (3) the establishment and use of KRS 197.500 is not only unconstitutional, but is also the result "of a civil and criminal syndicate and R.I.C.O.

4


activities"; (4) his custody by persons who are not representatives of Kentucky or Vermont is unlawful; (5) his federal and state rights to due process and equal protection were violated by the respondents' engaging in R.I.C.O. activities during the state actions, including *ex parte* communications, three hearings being had without his presence, the denial of a hearing requested by him, no notice of the dismissal by the clerk, the drafting of the dismissal order by the state government's private attorney, and the forged dismissal Order in case No. 04-CI-01465; (6) his federal and state constitutional rights and state statutes are violated by his continuing in the custody of an "unauthorized entity"; and (7) there has been a deliberate exercise of power without any reasonable justification in the service of a legitimate governmental objective. The petitioner's memorandum of law contains supporting quotations from both the state and federal constitutions, state statutes, and miscellaneous case law.

For relief, the petitioner requests (1) a declaratory judgment declaring KRS 197.500 unconstitutional; (2) a permanent injunction barring the CCA and other private prison vendors from operating in Kentucky; (3) the petitioner's immediate release; and (4) an order directing the state of Vermont to either take custody of its prisoners or release them.

## DISCUSSION

The petitioner is a Vermont state prisoner whose claim is that his current incarceration in the Eastern District of Kentucky at an out-of-state, privately-run prison is unconstitutional under both the state and federal Constitutions. Before the Court can examine the claim on the merits, however, the Court must examine the limits of its jurisdiction to do so.

First, it is well-established that violations of state law do not provide a basis for federal habeas relief; such violations must be remedied in the state courts. *See Stewart v. Lane*, 60 F.3d 296,

5

302 (7th Cir. 1995). Therefore, the claims rising from state statutes, the Kentucky Constitution and relevant case law are subject to summary dismissal. As to the claim that the petitioner's transfer to and continuing custody in the private CCA institution are violative of the United States Constitution, this Court may exercise its jurisdiction to hear the matter only in certain circumstances.

The petitioner's claims grounded in the U. S. Constitution have been presented to federal courts before and have arrived in a variety of postures. In *White v. Lambert*, 370 F.3d 1002 (9th Cir.) *cert. denied*, 125 S.Ct. 503 (2004), the United States District Court in the Eastern District of Washington had been presented with a similar petition, pursuant to 28 U.S.C. §2241, by a Washington prisoner who was transferred to a private institution in Colorado. The appellate court affirmed the decision of the lower court, which had held that §2254 was the proper statutory basis for the federal court's jurisdiction. *Id.* at 1004.

In *White*, the Ninth Circuit noted that its holding was consistent with the Second, Third, Seventh, and Eighth Circuits, but contrary to the Tenth Circuit's opinion in *Montez v. McKinna*, 208 F.3 862, 869-71 (10th Cir. 2000) (§2241 is the proper vehicle). *Id.* at 1005, n.1. Further, the Ninth Circuit also cited *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001), *cert. denied* (2002), and described its position therein as "allowing claim to proceed under §2241 without any discussion as to why appropriate." *Id.* Additionally, there is authority for treating such claims as arising under 42 U.S.C. §1983. *See, e.g., Healy v. Wisconsin*, 65 Fed.Appx. 567 (7th Cir. 2003) (unpublished); *Doty v. Litscher*, 40 Fed. Appx. 291 (7th Cir. 2002) (unpublished).

Regardless of which of these different vehicles are used, on the instant issue of the constitutionality of transfers of state prisoners to out-of-state-private prisons, a survey of the federal cases reveal two commonalities which most share. First, prisoner lawsuits arising from 42 U.S.C.

6

§1983 and the habeas statutes have some sort of exhaustion requirement which the plaintiff/petitioner must meet prior to filing in federal court. Additionally, none of the courts which have reached the merits of these claims have found any violation of the prisoner's federal rights.

It has long been the law that all prisoners challenging their custody as being unconstitutional under 28 U.S.C. §2241 are required to exhaust matters administratively and that all state prisoners under 28 U.S.C. §2254 are required to exhaust their state court remedies; and since 1996, it has been a statutory requirement that plaintiffs proceeding under 42 U.S.C. §1983 must exhaust whatever administrative remedies as are available. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980); 42 U.S.C. §1997e(a).

The district courts which have addressed the issue before the Court today routinely trace the prisoner's efforts in the record before it, before going on to address the merits of the claims. *See e.g., Greene* 265 F.3d at 370; *White*, 370 F.3d at 1004. Moreover, such a claim may be dismissed for failure to exhaust. *See Templeton v. O'Dell*, 2002 WL 1752211 at n.2 (D.Minn. 2002) (not reported). Yet, the instant petitioner does not demonstrate that he brought the claims herein to anyone in any way before filing the instant lawsuit. He does refer to the actions of "the petitioner" in the state challenges, but he has presented no exhibits which include him as a party. To the contrary, he admits that *other* prisoners were the activists and they brought the claims the Franklin Circuit Court.

Even had the petitioner's name appeared as a party to the state proceedings, however, he does not allege or demonstrate that he pursued his claims to exhaustion in state courts, as the Supreme

7

Court of Kentucky is not mentioned as having faced the issues in the state proceedings.[3] "It is well recognized that a state-convicted prisoner must first exhaust his available and adequate state remedies as a condition precedent to federal habeas relief." *Wiley v. Sowders*, 647 F.2d 642, 646 (6th Cir. 1981) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). A review of the instant record does not indicate that these issues have ever been presented to Kentucky's Supreme Court by this litigant. The state's highest court must have an opportunity to review the claims. *Castille v. Peoples*, 489 U.S. 346 (1989).

Because Petitioner DeLance has not demonstrated that he presented his arguments to the Kentucky or Vermont state courts or any other state-provided body to the point of exhaustion prior to his filing herein, he has failed to prepare a record in this case, and the Court will not address the issues on the merits. Additionally, the petitioner is advised that should his constitutional challenges reach the federal courts, he would have a heavy burden on the merits; there is, in the aforecited case law, no authority finding that the allegations herein state a claim upon which this Court may grant relief. In fact, these claims have been rejected on the merits unanimously. *See White*, 370 F.3d at 1013; *Doty*, 40 Fed.Appx. at 292; *Healy*, 65 Fed.Appx. at 569; *see also Karls v. Hudson*, 182 F.3d 932 at **1 (unpublished).

This Court concludes that the instant petitioner is not properly before the Court and even if

---

[3] Even had DeLance been a party to the Circuit Court or Court of Appeals proceedings, the proper remedy after the Kentucky Court of Appeals is to proceed to the Supreme Court of Kentucky, not to shift to the federal court. The *Rooker-Feldman* doctrine, "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

he were, at this time he has failed to state a federal claim upon which this Court may grant him relief. The facts and the Court's resolution herein are most consistent with *Lambert v. Sullivan*, 35 F.Supp.2d 1131 (E.D. Wis. 1999), which opinion the Court adopts as if set out in full.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The instant petition for writ of habeas corpus is **DENIED**;

(2) the petition is, therefore, **DISMISSED** and a contemporaneous judgment shall be entered in favor of the respondents.

This the 1st day of August, 2005.

JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: